| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

BEVERLY DEFREITAS,

                              Plaintiff,

        - against -

THERACARE,

                              Defendant.

MEMORANDUM
AND ORDER
15-CV-3627 (JG)(CLP)

JOHN GLEESON, United States District Judge:

        On June 19, 2015, Beverly DeFreitas, proceeding *pro se*, filed the instant complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). DeFreitas's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, DeFreitas is directed to file an amended complaint, within thirty (30) days of the date of this order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

        DeFreitas's complaint was submitted on an employment discrimination form supplied by the Court. Although she checked off the boxes on the first page of the complaint indicating that her action was brought pursuant to the ADEA and Title VII, when asked to check boxes to allege a specific basis for her claims, *i.e.* race, gender, color, religion, national origin, disability, or age, she indicated only age. *See* Compl. at 1, 3, ¶ 7.

        DeFreitas alleges that on or about November 21, 2014, she was informed that she could no longer receive assignments in a school setting because she was alleged to have spoken

to a parent "badly" and was accused of "cursing." Compl. at 4, ¶ 8; attachment at 1. DeFreitas also states that her supervisor, Mr. Marchello Wright, spoke to her in a demeaning manner, and bullied her "on many occassions." Compl. at 3, ¶ 4; attachment at 2. She alleges that Wright's actions were "retaliative," and his behavior "never occurred with the younger nurses." Compl., attachment at 2.

DeFreitas filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 13, 2015, the EEOC issued her a Dismissal and Notice of Rights letter, stating "Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes . . . ." Letter dated Apr. 13, 2015, from EEOC to DeFreitas re: Dismissal and Notice of Rights, attached to the Compl.

## DISCUSSION

A.  *The Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* complaint liberally and interpret it to raise

the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). Nor does it "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose a burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 555).

B.  *DeFreitas's Claims for Relief*

Although DeFreitas apparently seeks to bring Title VII and ADEA claims, she fails to plead sufficient factual allegations to support either claim for relief. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of

3

discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). Here, as noted above, the factual basis of DeFreitas's Title VII complaint is unclear. Her complaint does not allege that she suffered discrimination because of her race, color, religion, sex, or national origin. *See* Compl. at 3, ¶ 7. For this reason, her Title VII claim is dismissed.

DeFreitas's ADEA claim is also insufficient. The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that she was within the protected age group (more than 40 years old), (2) that she was qualified for her position, (3) that she experienced an adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).

DeFreitas alleges that she is within the protected age group, but she fails to plead sufficient facts to support an inference that the defendant discriminated against her because of her age. At a minimum, an ADEA plaintiff must inform the court and the defendant why she believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Gallop-Laverpool v. 1199 SEIU United*

4

*Healthcare Workers East*, No. 14-CV-2879 (JG), 2014 WL 3897588, at *2 (E.D.N.Y. Aug. 8, 2014) (dismissing ADEA complaint for failure to plead sufficient detail).

DeFreitas's only allegation that mentions her age says that Wright's bullying and shouting "never occurred with the younger nurses." *See* Compl., attachment at 2. This allegation suggests the possibility that she can allege more facts that might sufficiently state a claim of age discrimination. In an amended complaint, DeFreitas must plead additional facts that would support the inference that she was qualified for her position and experienced an adverse employment action under circumstances that connect the adverse employment action to age discrimination. *See Gorzynski*, 596 F.3d at 107. She is advised that if there are more specific facts available to her in support of her claim that "younger nurses" were treated differently, she should include them.

## CONCLUSION

Accordingly, in light of DeFreitas's *pro se* status, this Court will grant plaintiff 30 days from the date of this order to replead her discrimination claims to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that her former employer discriminated against her in violation of Title VII and/or the ADEA. If available, DeFreitas should include a copy of the charge of discrimination that she filed with the EEOC.

No summons shall issue at this time and all further proceedings shall be stayed until DeFreitas has complied with this order. If DeFreitas fails to file an amended complaint within 30 days, the case shall be dismissed and judgment shall enter for the defendant. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: July 23, 2015
      Brooklyn, New York